1 | **COX, WOOTTON, GRIFFIN,**
2 | **HANSEN & POULOS, LLP**
Richard C. Wootton (SBN 88390)
Marc A. Centor (SBN 252011)
3 | 190 The Embarcadero
San Francisco, California 94105
4 | Telephone No.: (415) 438-4600
Facsimile No.: (415) 438-4601
5 |
6 | Attorneys for Defendants
HORNBLOWER, INC.; PACIFIC
HORNBLOWER, LLC; and
7 | PACIFIC HORNBLOWER, *in rem*.

8

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | ROBERT ARTHURS, JR.,                )    Case No.:  11-CV-03374-WHA
      )
13 |                 Plaintiff,           )    **DEFENDANTS' ANSWER TO**
      v.                            )    **PLAINTIFF'S COMPLAINT**
14 |                                   )
      HORNBLOWER, INC.; PACIFIC       )
15 | HORNBLOWER, LLC; PACIFIC         )
      HORNBLOWER, *in rem*; and DOES 1 )
16 | through 10                       )
                                    )
17 |                 Defendants.        )
                                    )
18 | _____ )

19

20 |         Defendants HORNBLOWER, INC.; PACIFIC HORNBLOWER, LLC, *in*

21 | *personam*; and PACIFIC HORNBLOWER, *in rem* ("Defendants"), hereby answer

22 | Plaintiff's Seaman's Complaint ("Complaint") as follows:

23 | 1.   Defendants admit that the Plaintiff ROBERT ARTHURS, JR. ("Plaintiff") is a seaman.

24 |      The rest of this Paragraph 1 contains no charging allegations with regard to Defendants,

25 |      and therefore requires no answer.  To the extent that a response is deemed to be

26 |      required, the allegations are denied.

27 | 2.   Defendants admit that Plaintiff was an employee of Hornblower Yachts, Inc. on or

28 |      about June 20, 2010.  Except as so expressly admitted, Defendants deny all other

allegations contained in Paragraph 2 of the Complaint.

3.   Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.   Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint and on that basis deny them.

5.   Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.   Defendants admit that Defendant HORNBLOWER, INC. is a California corporation that maintains its principal place of business within the Northern District of California. Except as so expressly admitted, Defendants deny all other allegations contained in Paragraph 6 of the Complaint.

7.   Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint and on that basis deny them.

8.   Defendants deny the allegations contained in Paragraph 8 of the Complaint.

## FIRST CLAIM FOR RELIEF

### *(Jones Act Negligence)*

9.   Defendants incorporate herein their responses to paragraphs 1-8, inclusive, of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that the Jones Act imposes specific duties on a Jones Act employer with respect to its Jones Act employees.  Other than as specifically admitted, Defendants deny all other allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

WHEREFORE, Defendants pray as hereinafter set forth.

## SECOND CAUSE OF ACTION

### *(Unseaworthiness)*

16. Defendants incorporate herein their responses to paragraphs 1-15, inclusive, of the

Case No.: 11-CV-03374-WHA

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Complaint.

17.  Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.  Defendants admit that the general maritime law imposes a duty of seaworthiness on a vessel owner with respect to its crew.  Other than as specifically admitted, Defendants deny all other allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

WHEREFORE, Defendants pray as hereinafter set forth.

### THIRD CAUSE OF ACTION

#### *(Maintenance and Cure)*

21. Defendants incorporate herein their responses to Paragraphs 1-20, inclusive, of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

WHEREFORE, Defendants pray as hereinafter set forth.

### FIRST AFFIRMATIVE DEFENSE

#### *(Failure to State a Cause of Action)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that neither Plaintiff's Complaint, nor any of the alleged causes of action therein, state facts sufficient to constitute a cause of action against the Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### *(Contributory Negligence)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff was negligent in and about the matters alleged in the Complaint and in each cause of action therein, and that such negligence contributed directly and proximately to the accident and damages, if any, alleged therein.

////

////

Case No.: 11-CV-03374-WHA

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1

**THIRD AFFIRMATIVE DEFENSE**

2

*(Comparative Negligence)*

3   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants

4   allege that the injuries and damages complained of by Plaintiff, if any there were, were

5   directly and proximately caused, either wholly or in part, by the negligence of persons or

6   entities other than Defendants, and that such negligence is either imputed to Plaintiff by

7   reason of the relationship between Plaintiff and such persons or entities, or comparatively

8   reduces the proportion of negligence and corresponding liability of Defendants.

9

**FOURTH AFFIRMATIVE DEFENSE**

10

*(Failure to Mitigate Damages)*

11   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants

12   allege that Plaintiff has unreasonably failed to act in such a manner as to mitigate the

13   damages of which he complains, if any there were.

14

**FIFTH AFFIRMATIVE DEFENSE**

15

*(Primary Duty Rule/Walker Doctrine)*

16   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants

17   allege that their liability should be reduced or eliminated pursuant to Plaintiff's breach of

18   one or more duties under the General Maritime Law, including but not limited to the

19   primary duty rule or the "*Walker* doctrine."  Specifically, Defendants allege that the claimed

20   unseaworthy condition, if any, was due wholly and solely to a failure on Plaintiff's part to

21   perform the duties that were assigned to him.

22

**SIXTH AFFIRMATIVE DEFENSE**

23

*(Limitation of Liability)*

24   AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants

25   allege that there is no liability whatsoever on their part on account of the matters alleged in

26   the Complaint.  However, in the event Defendants are held liable, Defendants allege the

27   following defense: that the occurrences referred to in the Complaint were caused without

28   privity or knowledge on Defendants' part; that the amount of damages claimed by Plaintiff

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT                    Case No.: 11-CV-03374-WHA

exceeds the amount of the value of Defendants' interest, if any, in the named vessel immediately following said occurrences, and by reason thereof, Defendants invoke the benefit of the statutes of the United States permitting a shipowner's limitation of liability, including 46 U.S.C. § 181 *et seq.* and amendments thereto, under which, should there be any liability whatsoever on the part of Defendants relating to the Complaint, then neither Plaintiff nor any other party is entitled to recover damages in any sum in excess of the amount or value of Defendants' interest, if any, in the vessel(s) at the conclusion of the voyages upon which the occurrences referred to in the Complaint are said to have occurred.

## SEVENTH AFFIRMATIVE DEFENSE

### *(Unclean Hands)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff is precluded from recovery against Defendants pursuant to the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### *(Liability for Non-Economic Damages)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants state that, should the plaintiff recover non-economic damages against Defendants, the liability for non-economic damages is limited to the degree of fault and several liability of Defendants and a separate, several judgment shall be rendered against Defendants based upon Defendants' degree of fault and several liability.

## NINTH AFFIRMATIVE DEFENSE

### *(Other Defenses Available)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that they presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

////

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT                                    Case No.: 11-CV-03374-WHA

**REQUESTED RELIEF**

WHEREFORE, Defendants hereby request that Plaintiff take nothing by virtue of the Complaint on file with this Court, that the Complaint and each cause of action therein be dismissed with prejudice, that judgment be entered in favor of Defendants, including their costs of suit herein, and for such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff has filed a Demand for Jury Trial.  Defendants also request a jury trial in the event that plaintiff should withdraw his demand.


Dated: August 15, 2011                    COX, WOOTTON, GRIFFIN,
                                          HANSEN & POULOS, LLP
                                          Attorneys for Defendants
                                          HORNBLOWER, INC.; PACIFIC
                                          HORNBLOWER, LLC; and
                                          PACIFIC HORNBLOWER, *in rem*.


                                          By _____/s/_____
                                                    Richard C. Wootton